UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TOM CRUISE, A/K/A FOUED ABDALLAH,

           Petitioner,

-vs-

JAMES CONWAY,

           Respondent.

**DECISION AND ORDER
No. 07-CV-6429T**

_____

## I. Introduction

*Pro se* Petitioner Tom Cruise, a/k/a Foued Abdallah, ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered July 8, 1996, in New York State, Supreme Court, Monroe County, convicting him, upon a plea of guilty, of Murder in the First Degree (N.Y. Penal Law ("Penal Law") § 125.27[1][a][vii]).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II. Factual Background and Procedural History

The charges arise out of the stabbing death of Petitioner's former girlfriend, Anna Rickards ("Rickards" or "the victim"), that occurred in the Town of Chili, New York on December 14, 1995. On that date, Petitioner broke into the victim's home, waited for her to arrive, and then attacked her with a knife when she and her

young son returned.  Rickards died from the stab wounds inflicted by the Petitioner.

On January 26, 1996, Petitioner was indicted by a Monroe County Grand Jury and charged with one count of murder in the first degree and two counts of burglary in the first degree.  Shortly thereafter, the People filed a notice of intent to seek the death penalty if Petitioner was convicted of murder in the first degree. Plea Minutes [P.M.] 3.

On June 4, 1996, Petitioner appeared in court and plead guilty to murder in the first degree in satisfaction of all charges in the indictment.  On July 8, 1996, Petitioner was sentenced, in accordance with the plea agreement, to a term of incarceration of life without parole.  Sentencing Minutes [S.M.] 30.

Petitioner appealed his judgment of conviction to the Appellate Division, Fourth Department, which was unanimously affirmed on November 10, 2005.  People v. Abdallah, 23 A.D.3d 1116 (4th Dept. 2005), lv. denied, People v. Abdallah, 6 N.Y.3d 845 (2006).

On or about May 16, 2006, Petitioner filed a New York Criminal Procedure Law ("CPL") § 440.10 motion to vacate the judgment of conviction, which was denied by the Supreme Court, Monroe County on October 5, 2006.  See Decision and Order of the Supreme Court, Monroe County, Ind. # 1996-0053, dated 10/05/06 ("440.10 Dec."). Petitioner appealed the denial of the motion to the Appellate

Division, Fourth Department, which was denied on June 11, 2007. See Decision of the Appellate Division, Fourth Department (Associate Justice Elizabeth W. Pine), Ind. No. 1996-0053, dated 06/11/07.

This habeas petition followed. (Dkt. #1)

**III. General Principles Applicable to Habeas Review**

    **A.   The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not

*dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing

the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B. Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

**C. The Adequate and Independent State Ground Doctrine**

"It is now axiomatic that 'cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred.'" Dunham v. Travis, 313 F.3d 724, 729 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). "A

habeas petitioner may bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." Id. (citing Schlup v. Delo, 513 U.S. 298, 321 (1995); Murray v. Carrier, 477 U.S. 478, 496 (1986)).

**IV. Petitioner's Claims**

**1. Insufficient Plea Allocution**

Specifically, Petitioner asserts that the plea colloquy negated elements of the crime, and that the trial court failed to make factual inquiries to ensure that Petitioner was aware of such defects and still wished to enter a guilty plea. Petition [Pet.], Para. 11-13. Petitioner raised this claim on direct appeal, and it was rejected on state procedural grounds. See Abdallah, 23 A.D.3d at 1116. Consequently, the claim is procedurally barred from habeas review by this Court.

A federal court may not review a question of federal law decided by a state court if the state court's decision rested on a state law ground, be it substantive or procedural, that is independent of the federal question and adequate to support the judgment. See Coleman, 501 U.S. at 729. Here, the state court relied on New York's preservation rule (codified at CPL § 470.05(2)) to deny Petitioner's claim because the issue had not been properly preserved for appellate review (i.e., Petitioner

failed to move to withdraw his plea or move to vacate the judgment of conviction). The Second Circuit has determined that CPL § 470.05(2) is an independent and adequate state procedural ground. See Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990); see also Garcia v. Lewis, 188 F.3d 71, 79-82 (2d Cir. 1999). The Appellate Division's reliance on CPL § 470.05(2) is an independent and adequate state ground, barring this Court's review of Petitioner's claim that he was deprived of due process of law because of an insufficient plea allocution.

A finding of procedural default will "bar habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the claim will result in a miscarriage of justice." Coleman, 501 U.S. at 749-50 (internal citations omitted); accord, e.g., Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000). Petitioner makes no showing of the requisite cause and prejudice necessary to overcome the procedural bar, nor has he demonstrated that this Court's failure to review the claim will result in a miscarriage of justice (i.e., that he is actually innocent). Accordingly, habeas relief is unavailable to Petitioner, and the claim is dismissed.

## 2. Coerced Guilty Plea

Petitioner argues that his guilty plea was obtained in violation of his rights under both the New York State and Federal Constitutions. He argues, *inter alia*, that he was coerced into pleading guilty out of fear of receiving the death penalty. Pet., Para. 12, 13, 38-47. Petitioner raised this claim in his CPL § 440.10 motion, and it was rejected on state procedural grounds.[1] See 440.10 Dec., 3. Consequently, the claim is procedurally barred from habeas review by this Court.

As discussed above, a federal court may not review a question of federal law decided by a state court if the state court's decision rested on a state law ground, be it substantive or procedural, that is independent of the federal question and adequate to support the judgment. See Coleman, 501 U.S. at 729. Here, the Supreme Court, Monroe County rejected Petitioner's claim pursuant to CPL § 440.10(2)(c), finding that the claim was a matter of record that could have been raised at the time of Petitioner's direct appeal, but unjustifiably was not. See 440.10 Dec., 3; see also CPL § 440.10(2)(c) (the court must deny a motion to vacate a judgment when sufficient facts appear on the record underlying the

---

[1] Notably, the trial court rejected this claim, in the alternative, on the merits, finding that: "[t]he plea colloquy refutes defendant's self serving affidavit that he was coerced to plead guilty. The record amply demonstrates that defendant knowingly, intelligently, and voluntarily entered into the plea with the benefit of counsel. The arrangement to which the defendant agreed is both effective and enforceable." 440.10 Dec., 3 (internal citations and quotations omitted).

judgment to have permitted adequate review of the issue on direct appeal). The Second Circuit has recognized CPL § 440.10(2)(c) as an adequate and independent state ground sufficient to preclude federal habeas review of a state-court defendant's claims. E.g., Sweet v. Bennett, 353 F.3d 135, 139-40 (2d Cir. 2003); Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997); Aparicio v. Artuz, 269 F.3d at 91(2d Cir. 1991). The state court's reliance on CPL § 440.10(2)(c) is an independent and adequate state ground, barring this Court's review of Petitioner's claim that he was coerced into pleading guilty because of the threat of the death penalty.

Petitioner makes no showing of the requisite cause and prejudice necessary to overcome the procedural bar, nor has he demonstrated that this Court's failure to review the claim will result in a miscarriage of justice (i.e., that he is actually innocent). See Coleman, 501 U.S. at 749-750. Accordingly, habeas relief is unavailable to Petitioner, and the claim is dismissed.

## 3. Ineffective Assistance of Counsel

Petitioner asserts that he was deprived of his federal constitutional right to effective assistance of counsel because his trial attorneys[2] failed to investigate Petitioner's assertion that he lived at the victim's address and could not be guilty of burglary, and therefore of murder in the first degree, since he

---

[2] Petitioner was represented by the following three attorneys from the Capital Defender Office: Bill Easton, Esq., James Moreno, Esq., and Thomas Dunn, Esq.

lived at the house he was accused of breaking into, at the time he broke in and killed Rickards. Pet., Para. 51, 52. Petitioner raised this claim in his CPL § 440.10 motion, and it was rejected on the merits. See 440.10 Dec., 3.

It is well-settled that a petitioner claiming ineffective assistance of trial counsel must show that counsel's representation was fundamentally defective, and that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668 (1984); Aparicio, 269 F.3d at 95. A petitioner seeking to establish constitutionally ineffective assistance of counsel must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)); see also, e.g., United States v. Jones, 918 F.2d 9, 11 (2d Cir. 1990) (holding that counsel's decisions should not be evaluated in hindsight). And, of course, counsel is "strongly presumed to have rendered adequate assistance and [to have] made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 689-90.

Here, Petitioner argues, unconvincingly, that he was denied effective assistance of counsel because none of the three attorneys who represented him from the Capital Defender Office investigated

his assertion that he lived at the address where the murder occurred, and thus could not be guilty of burglarizing the Rickard home. This claim fails insomuch as it is entirely belied by the record. The record shows that, on the date of the murder (December 14, 1995), Rickards lived with her young son at 3502 Union Street in the Town of Chili, New York. P.M. 11. There is nothing in the record that suggests that Petitioner lived at 3502 Union Street on the date of the murder. Notably, at no time prior to or during the entry of the plea did Petitioner claim he lived at 3502 Union Street on the date of the murder.

During his plea colloquy, Petitioner stated the following: that he had never lived at 3502 Union Street; that he did not live at 3502 Union Street at the time of the murder; that he had no right to enter 3502 Union Street on December 14, 1995; that he did not have a key to 3502 Union Street; and that he broke into 3502 Union Street on December 14, 1995. Petitioner also stated, on the record, that his relationship with Rickards had ended "around November" of 1995. P.M. 10-12.

These assertions were corroborated by other evidence. At a pre-plea hearing, for example, Investigators Passmore and Crough, investigators with the Monroe County Sheriff's Office Major Crimes Unit ("Major Crimes Unit"), testified that, during a December 15, 1995 interview, Petitioner told them the following: that he lived at 7 Avanti Drive in Gates; that he had broken up with Rickards

approximately two months prior to the date of the murder; and that he had been in his own home on the day of the crime. Hearing Minutes [H.M.] 139-147, 196, 204, 207. Additionally, Investigator Connors, another investigator with the Monroe County Sheriff's Office, who was called to the scene of the crime on the night of the murder, testified, at the pre-plea hearing, that he observed a "shattered and broken" door casing at the Rickard home. H.M. 123. Furthermore, at sentencing, the prosecutor noted the following: that on or about November 16, 1995, Petitioner had gone to the Rickard home to remove his property; that, at that time, he became so violent that Rickard called the police, who removed Petitioner and warned him not to go back; that three days later Petitioner broke into the Rickard home; that on the day before the murder, Petitioner and Rickards went to a pre-warrant hearing for a menacing charge related to an earlier incident; that, as a result of that hearing, a warrant was issued for Petitioner's arrest and Petitioner was instructed not to go near the Rickard home or have contact with Rickard; that, on December 14, 1995, Petitioner unscrewed a motion light on an adjoining house which lit up the Rickard home, cut the phone lines, and kicked in her back door and broke the door frame. S.M. 19-21.

There is nothing in the record, or in the instant habeas petition, that refutes any of the evidence, as discussed above. Petitioner, rather disingenuously, points to his New York State

driver's license to support his contention that he lived at 3502 Union Street at the time of the murder. See Petitioner's Abstract of Driving Record (Respt's Exhibit "J"). This document lists Petitioner's address as 3502 Union Street, but lists the application date for the license as January 18, 1994, nearly two years before the date of the murder. As Respondent correctly argues, it is irrelevant whether Petitioner ever lived at 3502 Union Street, and the record is clear that Petitioner did not live at 3502 Union Street on the date of the murder (December 14, 1995). See Resp't. Memo. of Law, 26.

Petitioner has failed to show that defense counsel's failure to investigate or put forth the argument that Petitioner lived at 3502 Union Street at the time of the murder was unreasonable, given the facts and circumstances of this case. Where there has been no error on the part of counsel, the outcome of the proceeding cannot have been affected. Accordingly, the Court cannot find that the trial court's determination of this issue was contrary to or an unreasonable application of Strickland. Habeas relief is not available to Petitioner and the claim is dismissed.

**V. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28

U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   April 26, 2010
         Rochester, New York